# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CURRY J. SOTO, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
| v. | )    Case No. CIV-18-735-G |
| | ) |
| GARFIELD COUNTY SHERIFF'S OFFICE et al., | ) ) ) |
| | ) |
|    Defendants. | ) |

## OPINION AND ORDER

Plaintiff Curry J. Soto, a state prisoner appearing pro se and proceeding *in forma pauperis*, brings this action pursuant to 42 U.S.C. § 1983, alleging violation of his constitutional rights. *See* Compl. (Doc. No. 1). Upon review of Plaintiff's Complaint, the Court finds that certain of the claims asserted by Plaintiff should be dismissed for failure to state a claim upon which relief may be granted.

    I.    *Standard of Review and the Court's Screening Obligation*

The Court is obliged to conduct an initial review of Plaintiff's Complaint to identify its cognizable claims and to dismiss the pleading, or any portion thereof, that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b)(1), 42 U.S.C. § 1997e(c). A pro se litigant's complaint must be liberally construed. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). The broad construction of a pro se plaintiff's allegations does not, however, "relieve the plaintiff of the burden of alleging

sufficient facts on which a recognized legal claim could be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

A complaint fails to state a claim upon which relief may be granted when it lacks factual allegations sufficient "to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (footnote and citation omitted). In evaluating whether a plaintiff has stated a valid claim, the Court "accept[s] as true all well-pleaded factual allegations in the complaint and view[s] them in the light most favorable to the plaintiff." *Burnett v. Mortg. Elec. Registration Sys., Inc.*, 706 F.3d 1231, 1235 (10th Cir. 2013); *see also Kay v. Bemis*, 500 F.3d 1214, 1217-18 (10th Cir. 2007) (applying Rule 12(b)(6) standard to review of a dismissal under § 1915(e)(2)(B)(ii)). Bare legal conclusions in a complaint are not entitled to the assumption of truth; "they must be supported by factual allegations" to state a claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

II.     *Plaintiff's Allegations*

Plaintiff's Complaint names seven Defendants: Sheriff Jerry Niles, Deputy Chance, Deputy Bishop, Supervisor Vanessa, and Assistant Jail Administrator Marcus (collectively, the "Individual Defendants"); and Garfield County Detention Facility ("GCDF") and the Garfield County Sheriff's Department (collectively, the "County Defendants"). *See* Compl. at 1, 5-6, 9.[1] Liberally construing the complaint, the undersigned has assumed for

---

[1] Citations to documents filed with the Court use the page numbers assigned by the Court's electronic filing system. When quoting from Plaintiff's filings, the undersigned has

2

purposes of preliminary review that the Individual Defendants are sued in both their official and individual capacities.[2] Plaintiff seeks the termination of the Individual Defendants from their employment, as well as money damages. *See id.* at 9, 10, 12.

Plaintiff's allegations present three § 1983 claims arising from a period when Plaintiff was housed at GCDF: (1) an excessive-force claim based on the Eighth Amendment (Claim 1); and (2) a conditions-of-confinement claim based on the Eighth Amendment (Claim 2); (3) a claim for deprivation of religious materials based on the First Amendment (Claim 3).

Claim 1, asserted against the five Individual Defendants, is based on events alleged to have occurred on or about November 11, 2016. *See id.* at 8-9, 11. According to the Complaint, Defendant Vanessa procured an order from Defendant Marcus to have Plaintiff removed from GCDF's medical unit, despite a previous instruction from the Jail Administrator to "'NOT' . . . move [Plaintiff] out of Medical due to [p]rotective [c]ustody issues without calling [the Jail Administrator] first." *Id.* at 9. Plaintiff alleges that, in

---

occasionally corrected capitalization, punctuation, and unambiguous abbreviations or spelling errors to improve readability.

[2] Plaintiff checked boxes on the preprinted form indicating that Defendants Niles and Chance are sued in their official capacities but did not indicate on his supplemental page whether the remaining Individual Defendants are sued in their individual or official capacities. *See* Compl. at 5-6. Affording the requisite liberal construction and having considered "the context of the complaint" and "the relief sought," the Court concludes that Plaintiff intends to assert claims against the Individual Defendants in their individual capacities. *See Trapp v. U.S. Marshals Serv.*, 139 Fed. App'x 12, 15 (10th Cir. 2005) (holding that, even though the plaintiff had "in his form complaint . . . checked the box indicating that he was suing each of the defendants in their official capacities . . . the context of the complaint and accompanying documents indicate[d] that [he] was also raising claims against the individual defendants in their individual capacities").

3

response to the order, Defendants Chance and Bishop arrived at the medical unit and, "without giving any verbal commands, immediately apprehended [Plaintiff], . . . twist[ed] his arm behind his back [and] forc[ed] him to bend over a table" while "repeatedly punch[ing] [Plaintiff] in the ribs." *Id.* at 11. Plaintiff further alleges that Defendant Chance "pinned [Plaintiff] against the table from behind by pressing his genitals against [Plaintiff's] buttocks [and] repeatedly grinding [and] pressing himself against [Plaintiff]," resulting in "bruising on [Plaintiff] in the crotch area." *Id.* Plaintiff alleges that after the attack, a GCDF nurse submitted an incident report and that photographs were taken of his injuries by a facility supervisor. *See id.*

Claims 2 and 3 are asserted against the two County Defendants. *See id.* at 9-10, 12. In Claim 2, Plaintiff alleges that, from July 7, 2016, to January 8, 2017, he was "repeatedly denied cleaning supplies while . . . house[d] in a cell in Medical Pod that was full of blood, used bandages, urine, [and] feces." *Id.* at 10. He also alleges that from October to December of 2016 he "was repeatedly left in the cell with [another] inmate's blood" and was "forced to clean up the blood" himself without proper "cleaning supplies and material." *Id.* at 11. Plaintiff further alleges that, when cleaning materials were ultimately provided, they were "issued to [him] through his eating slot (bean hole)." *Id.* at 11.

Claim 3 is predicated on the allegation that, from December 24, 2016, to December 28, 2016, Plaintiff's "clothes, mattress, blanket, property, [and] Bible were physically removed from him by Garfield County Sheriff's Department [and] [GCDF] staff . . . , subjecting [Plaintiff] to concrete lock-down [and] denial of religious material." *Id.* at 12.

III. *Discussion*

To state a claim under § 1983, a plaintiff must allege that he or she has been deprived of a federal right and that the person who deprived him or her of that right was a "person" acting under color of state law. *See* 42 U.S.C. § 1983. As an initial matter, the Court must determine whether the various Defendants are subject to suit.

A. Claim 2 and 3: Claims Against the County Defendants

Federal Rule of Civil Procedure 17(b) instructs that a noncorporate entity's capacity to be sued is determined by the law of the state in which the district court is located. Under Oklahoma law, organized counties have the capacity to be sued, but county jails and police departments, having "no separate legal identity," do not. *Noland v. Garfield Cty. Det. Ctr.*, No. CIV-07-494-F, 2008 WL 4130309, at *2 (W.D. Okla. Aug. 29, 2008) (citing Okla. Stat. tit. 19, § 4). Consequently, Defendants GCDF and Garfield County Sheriff's Department are not subject to suit under § 1983 as a matter of law, and Plaintiff's Claims 2 and 3 should be dismissed. *See id.* at *1, *2 (dismissing claims on screening against Garfield County Detention Facility and Garfield County Sheriff's Department); *accord Lindsey v. Thomson*, 275 F. App'x 744, 747 (10th Cir. 2007); *Bowler v. Garfield Cty. Det. Facility*, No. CIV-13-0894-C, 2014 WL 174475, at *2 (W.D. Okla. Jan. 13, 2014).

B. Claim 1: Official-Capacity Claims Against the Individual Defendants

An official-capacity claim under § 1983 is tantamount to a claim against the government entity for whom the defendant works—in this case, Garfield County. *See Johnson v. Bd. of Cty. Comm'rs for Cty. of Fremont*, 85 F.3d 489, 493 (10th Cir. 1996). Thus, to state an official-capacity claim, Plaintiff must allege facts showing that a "policy

5

or custom was the moving force behind the constitutional deprivation." *Myers v. Okla. Cty. Bd. of Cty. Comm'rs*, 151 F.3d 1313, 1316 (10th Cir. 1998). Plaintiff does not satisfy this burden, having "alleged . . . only that he was the victim of a single incident" in Claim 1 and presenting no allegations to plausibly support a claim that the alleged conduct was a "final decision" by a County policymaker or the product of the County's "deliberately indifferent training or supervision." *Adams v. Palmer*, No. CIV-08-150-D, 2009 WL 3837318, at *3 (W.D. Okla. Nov. 13, 2009); *Schneider v. City of Grand Junction Police Dep't*, 717 F.3d 760, 770 (10th Cir. 2013) ("'[M]unicipal liability is limited to action for which the municipality is actually responsible.'" (quoting *Pembaur v. City of Cinncinnati*, 475 U.S. 469, 479 (1986))). Consequently, Plaintiff fails to state a claim for relief against the Individual Defendants in their official capacities, and dismissal is warranted with respect to those allegations in Claim 1.

### C. Claim 1: Individual-Capacity Claims Against the Individual Defendants

#### 1. Defendants Niles, Vanessa, and Marcus

To state an individual-capacity claim under § 1983, a plaintiff must allege facts to establish the defendant's personal involvement in the asserted violation of federal rights. *Schneider*, 717 F.3d at 768. Likewise, to state a claim for supervisor liability, a plaintiff must allege facts showing an "'affirmative link' between [the] supervisor and the constitutional violation." *Id.* at 767 (internal quotation marks omitted). It is not enough to allege that a supervisor had knowledge of his or her subordinate's conduct; rather, the

allegations must reflect (1) the supervisor's personal involvement, (2) a sufficient causal connection, and (3) a culpable state of mind. *Id.*

Plaintiff has not satisfied this burden with respect to Defendants Niles, Vanessa, and Marcus. There are no facts alleged implicating Defendant Niles in the incident. The only allegation against Defendant Vanessa is that she procured an order to have Plaintiff removed from the medical unit. *See* Compl. at 9, 11. Even assuming this allegation satisfies the personal-involvement prong, Plaintiff has alleged no facts to establish the requisite causal connection—i.e., that Defendant Vanessa deprived Plaintiff of his constitutional rights or "set in motion a series of events that [she] knew or reasonably should have known would cause others to deprive [Plaintiff] of [his] constitutional rights." *Schneider*, 717 F.3d at 768. Nor has Plaintiff asserted any facts that would support a finding that Defendant Vanessa acted with a culpable state of mind.[3]

The only allegation against Defendant Marcus is that he ordered Plaintiff's removal from the medical unit. *See* Compl. at 9, 11. But this allegation is insufficient to establish the element of personal involvement in the alleged use of excessive force. *See, e.g.*, *Young v. Rios*, No. CIV-15-641-R, 2016 WL 1626609, at *5 (W.D. Okla. Mar. 10, 2016) (R. & R.) (finding that prisoner who was allegedly assaulted while being transferred to prison's disciplinary unit failed to show personal involvement of official who ordered the transfer), *adopted*, 2016 WL 1611496 (W.D. Okla. Apr. 21, 2016). Moreover, Plaintiff does not

---

[3] While it is alleged that Defendant Vanessa was aware of "[p]rotective [c]ustody issues" relating to Plaintiff (Compl. at 9), Plaintiff has supplied no basis for inferring that Defendant Vanessa knew or should have known that procuring an order to release Plaintiff from the medical unit would lead to an assault by jail employees.

7

plead any facts that would support a finding that Defendant Marcus acted with a culpable state of mind or that he knew or should have known that issuing the order would lead to the alleged assault by jail employees. *See* Compl. at 9, 11; *Schneider*, 717 F.3d at 768.

2. Defendants Bishop and Chance

Unlike Defendants Niles, Vanessa, and Marcus, Defendants Bishop and Chance are alleged to have participated personally in Plaintiff's assault. Specifically, Plaintiff alleges that these Defendants "twist[ed] [Plaintiff's] arm behind his back, "forc[ed] him to bend over a table," and "repeatedly punched [him] in the ribs." Compl. at 11. Plaintiff further alleges that Defendant Chance used his genitals to "pin[] [Plaintiff] against the table from behind" and grind and press against Plaintiff, causing bruising. *Id.* The resulting question is whether these allegations, assumed to be true and viewed in the light most favorable to Plaintiff, state a viable claim against Defendants Bishop and Chance for violation of the Eighth Amendment's ban on use of excessive force.

To hold prison officials liable for excessive force, a two-prong standard applies: "(1) an objective prong that asks if the alleged wrongdoing was objectively harmful enough to establish a constitutional violation, and (2) a subjective prong under which the plaintiff must show that the officials acted with a sufficiently culpable state of mind." *Giron v. Corr. Corp. of Am.*, 191 F.3d 1281, 1289 (10th Cir. 1999) (alteration and internal quotation marks omitted).

> The objective component of an excessive force claim is "contextual and responsive to contemporary standards of decency." *Hudson*[*v. McMillian*, 503 U.S. 1, 8 (1992) (internal quotation marks omitted)]. "[A]n inmate has a constitutional right to be secure in [his or] her bodily integrity and free from

8

> attack by prison guards." *Hovater*[*v. Robinson*, 1 F.3d 1063, 1068 (10th Cir. 1993)].
>
>> Sexual abuse is repugnant to contemporary standards of decency and allegations of sexual abuse can satisfy the objective component of an Eighth Amendment excessive force claim. . . . . The right to be secure in one's bodily integrity includes the right to be free from sexual abuse. *See Barney v. Pulsipher*, 143 F.3d 1299, 1310 (10th Cir. 1998).
>
> *Smith v. Cochran*, 339 F.3d 1205, 1212 (10th Cir. 2003).

*Young*, 2016 WL 1626609, at *6 (omission and second alteration in original) (citation omitted).

The subjective prong "turns on whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." *Giron*, 191 F.3d at 1289 (citation and internal quotation marks omitted).

> With respect to the subjective inquiry, "[w]here no legitimate penological purpose can be inferred from a prison employee's alleged conduct, including but not limited to sexual abuse or rape, the conduct itself constitutes sufficient evidence that force was used 'maliciously and sadistically for the very purpose of causing harm.'" *Giron*, 191 F.3d at 1290 (quoting [*Whitley v. Albers*, 475 U.S. 312, 320-21 (1986)]); *accord Smith*, 339 F.3d at 1212-13.

*Young*, 2016 WL 1626609, at *7 (first alteration in original).

The allegations of Plaintiff's pleading, viewed in the light most favorable to Plaintiff, reflect that these Defendants apprehended Plaintiff without verbal warning and, though Plaintiff offered no resistance, physically grasped, manipulated, struck, and—with respect to Defendant Chance—sexually assaulted Plaintiff. *See* Compl. at 11. These allegations, if proven true, are sufficient to state a claim against these Defendants for use of excessive force in violation of the Eighth Amendment.

9

CONCLUSION

For the foregoing reasons, the Court orders:

1. Plaintiff's Claims 2 and 3 (violations of the Eighth Amendment and First Amendment), asserted against Defendant Garfield County Detention Facility and Defendant Garfield County Sheriff's Office, are dismissed without prejudice for failure to state a claim upon which relief may be granted;

2. Plaintiff's Claim 1 (excessive-force claims based on the Eighth Amendment) is dismissed without prejudice as against all Individual Defendants in their official capacities for failure to state a claim upon which relief may be granted; and

3. Plaintiff's Claim 1 (excessive-force claims based on the Eighth Amendment) is dismissed without prejudice as against Defendants Niles, Vanessa, and Marcus in their individual capacities for failure to state a claim upon which relief may be granted.

A separate order shall issue directing service of the Complaint with respect to Claim 1 upon Defendants Bishop and Chance in their individual capacities.

IT IS SO ORDERED this 27th day of August, 2019.

_____
CHARLES B. GOODWIN
United States District Judge