# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| CURRY J. SOTO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-18-735-G |
| | ) | |
| GARFIELD COUNTY SHERIFF'S OFFICE et al., | ) ) | |
| | ) | |
| Defendants. | ) | |

## ORDER REQUIRING SERVICE AND SPECIAL REPORT

Plaintiff Curry J. Soto, appearing pro se, has filed this action claiming a violation of his federal civil rights. The Court has conducted a preliminary review of the Complaint (Doc. No. 1) and finds that an investigation and special report are necessary to develop a record sufficient to ascertain whether there are any factual or legal bases for Plaintiff's claim that remains following initial screening. *See Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991). In compliance with the guidelines set forth in *Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978), IT IS THE ORDER OF THIS COURT that:

(1) Plaintiff shall cause a copy of this Order and of the Complaint, along with a summons issued by the Court Clerk, to be served on Deputy Bishop and Deputy Chance, the remaining Defendants named in the Complaint. *See* Fed. R. Civ. P. 4(c)(1); Op. & Order of August 27, 2019. Service shall be accomplished as follows:

   (a) The Court Clerk is directed to mail to Plaintiff the necessary forms for requesting the issuance of two summonses along with this Order. For service to be made, Plaintiff must complete these forms and return them to the Court Clerk within 21 days from the date of this Order. *See* Fed. R. Civ. P. 4(b).

(b) Upon receipt of properly completed forms, the Court Clerk will issue summonses. Because Plaintiff has been granted leave to proceed *in forma pauperis*, the United States Marshals Service ("USMS") shall be authorized to attempt to serve each Defendant for whom Plaintiff properly completes a request for the issuance of a summons. *See* Fed. R. Civ. P. 4(c)(3).

(c) Despite the authorization of the USMS to attempt to accomplish service as set forth in subparagraph (b), service is ultimately Plaintiff's responsibility. Defendants Bishop and Chance must be served within ninety (90) days from the date of this Order. Unless service is waived, Plaintiff must ensure that a proof of service is filed for each Defendant on or before the expiration of this 90-day time period. *See* Fed. R. Civ. P. 4(c), (d), (*l*), (m). The failure to file timely proofs of service as to any Defendant may result in the dismissal of the claims against that Defendant. *See* Fed. R. Civ. P. 4(m).

(2) Officials responsible for the operation of Garfield County Detention Facility in Enid, Oklahoma, shall undertake a review of the subject matter of Claim 1 of the Complaint:

   (a) to ascertain the facts and circumstances, including the outcome of administrative relief sought by Plaintiff;

   (b) to consider whether any action can and should be taken by the institution or appropriate officials to resolve the subject matter of Claim 1 of the Complaint; and

   (c) to determine whether prior related complaints, either in this Court or elsewhere, (i) should be considered together with this Complaint, or (ii) affect Plaintiff's ability to proceed *in forma pauperis* in light of the "three strikes" provision of the Prison Litigation Reform Act, 28 U.S.C. § 1915(g).

(3) Following completion of the review, a written special report setting forth the findings shall be compiled. The special report shall restate in separate paragraphs the allegations of Claim 1 of the Complaint followed by the pertinent information developed by the review. If appropriate, medical and psychiatric records shall be included in the special report. Likewise, any rules and regulations applicable to the remaining Claim and time frame of the Complaint shall be included as part of the special report.

(4) The special report shall be filed no later than 60 days from the date on which the first Defendant is served. If a Defendant waives service, the date on which the

waiver form is sent shall be considered the date of service. *See* Fed. R. Civ. P. 4(d)(4).

(5) Further, in accordance with 42 U.S.C. § 1997e(g)(2) and Local Civil Rule 9.2(c), the Court orders each Defendant to file an answer or a dispositive motion within 60 days of service.

(6) If a motion to dismiss or other dispositive motion is filed, Plaintiff must file a response within 21 days from the date the motion was filed. *See* LCvR 7.1(g). Failure to respond to the motion within that time period may result in the motion being deemed confessed. *Id.*

(7) Unless otherwise ordered, any party shall have seven days to respond to a request for an extension of time.

(8) No discovery shall be served upon any party until the special report has been filed, except as the Court may otherwise order.[1]

The Court Clerk is directed to mail Plaintiff the necessary forms for requesting issuance of summonses along with a copy of this Order. The Court Clerk is further directed to transmit a copy of this Order to the Sheriff of Garfield County, Oklahoma.

IT IS SO ORDERED this 27th day of August, 2019.

CHARLES B. GOODWIN
United States District Judge

---

[1] Defendants are advised that a dispositive motion based on the affirmative defense of failure to exhaust administrative remedies is typically considered a motion for summary judgment, governed by the procedural rules applicable to such motions. If appropriate, however, Defendant(s) may seek leave from the Court to file an initial motion for summary judgment based solely upon this affirmative defense and to have the parties' discovery initially limited to the nonexhaustion issue. If disposition of such an initial motion is not dispositive of the entire case, the Court may grant leave for Defendant(s) to file a second motion for summary judgment. *See* LCvR 56.1(a).